**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MARTIN F. SALAZAR,
            Appellant,

       v.

OFFICE OF PERSONNEL
  MANAGEMENT,
            Agency.

DOCKET NUMBER
AT-0842-14-0765-I-1

DATE: April 23, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Martin F. Salazar</u>, Grovetown, Georgia, pro se.

<u>Christopher H. Ziebarth</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2  In early 2014, the appellant filed an application for a deferred retirement annuity. Initial Appeal File (IAF), Tab 6 at 4. On June 20, 2014, he filed a Board appeal in which he asserted that the Office of Personnel Management (OPM) had failed to act on his application. IAF, Tab 1. Because it appeared that OPM had not issued a final decision on the appellant's retirement application, the administrative judge issued a show-cause order in which he informed the appellant that the Board may lack jurisdiction over his appeal and directed the appellant to file evidence and argument establishing the Board's jurisdiction. IAF, Tab 7. After considering the parties' submissions, the administrative judge dismissed the appeal for lack of jurisdiction on the basis that OPM had not issued a final decision. IAF, Tab 17, Initial Decision (ID). The appellant petitions for review. Petition for Review (PFR) File, Tabs 1-2.

¶3  If OPM has not issued a final decision on an appellant's entitlement to a retirement benefit, the Board generally lacks jurisdiction over an appeal of that matter. *See, e.g.*, *Fletcher v. Office of Personnel Management*, 118 M.S.P.R. 632, ¶ 5 (2012). However, the Board may take jurisdiction over a retirement appeal in the absence of a final decision if the appellant has made repeated requests for a

final decision and the evidence indicates that OPM does not intend to issue a final decision. *Id.*

¶4        In response to the administrative judge's acknowledgment order, OPM asserted that it was "unable to locate" a final decision in the appellant's case. IAF, Tab 6 at 4. OPM also explained that the appellant's original retirement application was inadequate and that it would send him a detailed explanation of how he could perfect his application "[i]n the immediate future." *Id.*

¶5        The appellant contends on review that this statement is inadequate to support a conclusion that OPM intends to issue a final decision. *See* PFR File, Tab 1 at 5, 8. However, the appellant has the burden of proving jurisdiction over his appeal. *See, e.g.*, *Reid v. Office of Personnel Management*, 120 M.S.P.R. 83, ¶ 6 (2013). Therefore it is his burden to prove that OPM has either issued an appealable decision or that OPM does not intend to issue an appealable decision. OPM is not required to prove that it has issued an appealable decision or that it intends to issue an appealable decision. Therefore, the administrative judge correctly found that the appellant failed to show that OPM has made either an actual or constructive decision on his retirement application. ID at 3-4. Thus, the administrative judge properly found that the Board lacks jurisdiction over this appeal.

¶6        The appellant contends on review that the administrative judge was biased against him, erred by failing to grant his motion to disqualify, and erred by not applying the substantial evidence burden of proof. PFR File, Tab 1 at 9-11. The bases for the appellant's bias claim are that the administrative judge raised the issue of jurisdiction sua sponte, and the administrative judge contacted him ex parte to see if the appellant would withdraw the appeal until OPM issued an appealable decision. *Id*. at 9-10; *see* IAF, Tab 15 at 6-7. The issue of jurisdiction is always before the Board and may be raised at any time during a proceeding. *Morgan v. Department of the Navy*, 28 M.S.P.R. 477, 478 (1985). It is incumbent on the administrative judge to address jurisdiction sua sponte if there is reason to

believe that jurisdiction might be an issue in the appeal. *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 678 (1991). Therefore, it was entirely appropriate for the administrative judge to raise the issue of jurisdiction sua sponte. Moreover, the administrative judge did not engage in an improper ex parte communication when he contacted the appellant about a procedural matter, *see* 5 C.F.R. §§ 1201.101(a), 102, and OPM waived the prohibition against ex parte communications in any event, IAF, Tab 6 at 4. Further, the preponderant evidence standard applies in this case and the administrative judge was correct to employ it. 5 U.S.C. § 7701(c)(1)(B).

¶7        The remainder of the appellant's petition for review argues extensively that the administrative judge erred by ruling against him on his various motions filed below. IAF, Tabs 4, 8, 10, 12, 14, Tab 15 at 7-10. We have considered the appellant's arguments and find, based on our review of the record, that they are without merit. The administrative judge explained the basis for his denial of the appellant's motions in some detail, *see* IAF, Tabs 7, 9, 11, 13; ID at 2-3 n.1, and the appellant has not shown that the administrative judge abused his discretion in any of these rulings.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.